Judge of Probate *vs.* FILLMORE,—BUEL and Wife, Prosecutors.

If an administrator neglect or refuse to pay to the heir, the sum which the Court of Probate has, on a distribution of the estate, decreed to be paid to him, within the time limited by such decree, if demanded, it is a breach of the con-dition of the administration bond, and an action will lie on the bond immedi-ately, a previous suit against the administrator being unnecessary.

The regularity of the proceedings of a Court of Probate preparatory to a decree, cannot be inquired into in a suit founded on such decree; such decree being conclusive, if the subject matter of the decree be within the jurisdiction of the Court, and cannot be set aside but by appeal.

THIS was an action of debt on bond. In the declaration the bond was set forth in common form, with the following condition, and specifick breaches of the condition: "If the above bounden E. Fillmore, administrator of all and singular the goods, chattels, rights, credits and estate of Nathan Colgrove, late of ———— de-ceased, shall make, or cause to be made a true and perfect invento-ry, of all and singular the goods, chattels, rights, credits and estate of the said deceased, which had or should come to the hands, pos-session or knowledge of the said E. Fillmore, or into the hands or possession of any other person or persons for him; and the same shall exhibit or cause to be exhibited unto the Registry of said Court of Probate, at or before the 25th day of December next en-suing: and the same goods and chattels, rights, credits and estate, and all other of the goods, chattels, rights, credits and estate of the said deceased, at the time of his death, which at any time after shall come into the hands or possession of the said E. Fillmore, or into the hands or possession of any other person or persons for him, shall well and truly administer according to law; and further, shall make or cause to be made a true and just account of his administration at or before the ——— day of ————. And all the rest and residue of

the said goods, chattels, rights, credits and estate which shall be found remaining upon the said administrators' account (the same first being examined and allowed by the Court of Probate) shall deliver and pay to such persons respectively, as the said Court of Probate, by their decree or sentence, pursuant to the true intent and meaning of the law, shall limit and appoint: And if, &c.—Then the said obligation to be void and of no effect, or else to remain in full force and virtue." And the plaintiff saith, that after the making of the said obligation as aforesaid, to wit, at a Court of Probate holden at Rutland in said District, on the second Monday of May, 1822, on application of Gideon Buel and Phebe his wife, daughter of the said Nathan deceased, the said E. Fillmore administrator as aforesaid, and the heirs of the said Nathan, having been notified, pursuant to the order of said Court, that a division would that day be made of the estate of the said Nathan, remaining in the hands of the said E. Fillmore administrator as aforesaid, it was among other things ordered and decreed by said Probate Court, that the said E. Fillmore administrator as aforesaid, pay the said Phebe Buel wife of said Gideon Buel, one eighth part or share of the sum of $479 96 then found remaining in the hands of the said administrator, being $59 90, within ten days from said second Monday of May, 1822. And as an assignment of a breach of the condition of said bond, according to the form of the statute in such cases made and provided, the plaintiff says that the said E. Fillmore, although requested on the first day of October, 1822, has not as yet paid to the said Gideon Buel and Phebe his wife the said sum of $59 90, or any part thereof, although the said term of ten days from the making of the said order or decree of the Probate Court has long since expired. By reason of which premises the said Gideon and Phebe his wife have sustained damages to a large amount, to wit, the sum of one hundred dollars, and thereby an action has accrued to the plaintiff to have and recover of the defendant the sum of ———— above demanded, &c.

To this declaration there was a general demurrer and joinder.

*Langdon* for the defendant. We contend that the declaration in this case is wholly insufficient, and shall insist on the following causes of demurrer:

1. For that the dividend set forth in the plaintiff's declaration

<div style="float:right;">
<em>Rutland,<br>January,<br>1824.</em><br><br>
Judge of<br>Probate<br><em>vs.</em><br>Fillmore
</div>

*Rutland,*
*January,*
*1824*

Judge of
Probate
*vs.*
Fillmore

was not made according to law; the statute requiring that the same be made by a committee to be appointed by the Court of Probate. Stat. 1 vol. 132, sec. 31, and p. 135, sec. 41.

2. It does not appear by the declaration, that the Court of Probate issued an order of notice to the administrator or heirs, nor does it appear that they ever had any actual or legal notice that a distribution of said estate would be made at the time mentioned in the declaration, which is necessary to render it legal and valid; for the Court of Probate is a Court of limited jurisdiction, and it ought to appear by the records of their proceedings that the Court has proceeded according to law.

3. It does not appear from the declaration that the sum ordered to be paid could not be collected of the administrator, which is necessary to be stated and proved, before an action can be maintained on the bond, to recover that sum of the bail.

*Page,* for the plaintiff, insisted that there was no foundation for either of the exceptions taken to the declaration. The law he contended, does not require the appointment of a committee of distribution, in a case where money only is to be divided. Stat. 1821, 46, 58. 1 vol. Comp. Laws, 130, 135.

But, if we are incorrect as to this, yet, the proceedings before the Court of Probate in this case, being a Court of competent jurisdiction, and having jurisdiction of the subject matter, their validity cannot be inquired into collaterally in this action; but the defendant having been notified of the time and place of making the decree, ought to have appealed therefrom, if he felt himself aggrieved; not having done so, he is now concluded by it. 1 Phil. Ev. 223, 262. 2 Bur. 1009, Moses *v.* McFarland.

The opinion of the Court was delivered by

WILLIAMS, J. The defendant contends in this case that the declaration is insufficient, for that the distribution among the heirs of the estate of Nathan Colgrove was not made in the manner pointed out by the statute, as it was not made by a committee appointed for that purpose. It is apparent, however, by an examination of the statute, that the appointment of a committee is required in those cases only, where estate real or personal is to be appraised and to be specifically set to the heirs. If the estate consists of money only, in the hands of the administrator, the interference of a commit-

tee is not necessary; but the Court of Probate may, after ascertaining the proportion to which each one is entitled, order that the administrator pay the same.

It is further urged on the part of the defendant, that it does not appear from the declaration, that the administrator or heirs had any legal or actual notice that distribution of said estate was to be made. No particular form of notice is pointed out by the statute, nor is it any where expressly enacted that notice shall be given to the administrator or heirs, when a decree of distribution is to be made.—— No decree, however, ought to be made, affecting the rights of any person, unless he is notified. But the conclusive answer to this objection is, that the Court of Probate had jurisdiction of the subject matter, and the decree must be presumed to have been made on previous regular proceedings; and it could not have been necessary in the declaration to set forth those proceedings, or any thing more than the decree; for if the proceedings previous to the decree, and which were necessary to be had before making it, were erroneous, the decree could be set aside only by appeal, and until set aside it is conclusive. Bray. Rep. 18, Collins v. Crane. 1 Con. Rep. 467, Brown et al. v. Lanman.

It is further contended that it should appear from the declaration, that the sums ordered to be paid could not be collected of the administrator, for that unless this appear, no suit can be maintained on the bond. There is no ground for this exception. It is set forth in the declaration, that the administrator was ordered to pay the prosecutors the sum due them by a certain day; and that the administrator, although particularly demanded, hath not paid the same. One of the conditions of the bond is, " that all the rest and residue of the said goods, chattels, rights, credits or estate, which should be found remaining upon the administrator's account, he should deliver and pay to such persons respectively, as the said Court of Probate by their decree or sentence, pursuant to the true intent and meaning of the law, shall limit and appoint." This neglect then to pay the sum to the prosecutors decreed by the Court of Probate, pursuant to that decree, was clearly a breach of this condition of the bond. There must therefore be

<div align="right">

*Rutland,*
*January,*
*1824.*

Judge of
Probate
*vs.*
Fillmore

</div>

Judgment for the plaintiff.